UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE E. BOWMAN,
                Plaintiff,

v.

STORE KEEPER WILLIAMS,
                Defendant.

Case No. 25-13160
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

**I.    Introduction**

Michigan prisoner Antoine E. Bowman ("Bowman"), confined at the Macomb Correctional Facility in Lenox Township, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Bowman asserts that prison store keeper Williams improperly restricted his access to the prison store (also known as a commissary or canteen) on June 13, 2025 because Bowman refused to sign a form without having time to read it, and because he said that he would file a grievance against Williams (which he did). Bowman states that Williams threatened to restrict his access to the prison store until December, although his access was only restricted until July 21, 2025. He alleges that Williams' conduct violated his rights under the First, Eighth, Fifth, and Fourteenth

Amendments. Bowman names Williams as the sole defendant and sues him in his individual capacity for monetary damages. ECF No. 1. The Court has granted Bowman leave to proceed without prepayment of the filing fee for this case. ECF No. 4. For the reasons stated herein, the Court concludes that the complaint is subject to partial summary dismissal.

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

2

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. The United States Supreme Court has explained that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555-556 (citations and footnote omitted). The standard of Federal Rule of Civil Procedure 12(b)(6)

3

applies in determining whether a dismissal is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010).

To state a civil rights claim under § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986).

### A. Fifth and Fourteenth Amendment Claims

Bowman alleges that Williams' restriction on his prison store access violated his due process and equal protection rights under the Fifth and Fourteenth Amendments. The Fifth Amendment applies to the actions of the federal government, and the Fourteenth Amendment applies to the actions of state governments. *Palmer v. Schuette*, 768 F. App'x 422, 426-427 (6th Cir. 2019); *Myers v. Village of Alger, Ohio*, 102 F. App'x 931, 933 (6th Cir. 2004). Because Bowman's due process and equal protection

4

claims concern the conduct of a state official, they are analyzed under the Fourteenth Amendment.

The Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process of law. *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a procedural due process violation, a plaintiff must show that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Thus, to state a procedural due process claim, a plaintiff must allege that he or she has a definite life, liberty, or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

Bowman fails the first requirement of this test. He fails to show that he has a constitutionally-protected life, liberty or property interest at stake in this case. The ability to purchase items from a prison store is a privilege, not a right. *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)

5

(no constitutional right to purchase food from a prison commissary). Prisoners do not have a constitutional right to purchase food or non-food items from a prison store. *See, e.g., Merrick v. Shinn*, 846 F. App'x 573, 574 (9th Cir. 2021) (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)); *Grady v. Garcia*, 506 F. App'x 812, 814-15 (10th Cir. 2013) (finding no due process claim where plaintiff was denied canteen privileges for 105 days); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop"); *Whipple v. Knox Cnty.*, No. 3:24-CV-335-TRM-JEM, 2025 WL 2656061, *8 (E.D. Tenn. Sept. 16, 2025) (citing *Adams v. Hardin Cnty. Det. Ctr.*, No. 3:16–CV–P29–CRS, 2016 WL 2858911, *3 (W.D. Ky. May 16, 2016)); *Wright v. Tennessee*, No. 3:24-CV-00199, 2025 WL 1584702, *4 (M.D. Tenn. June 4, 2025) (summarily dismissing claim that officer improperly withheld commissary); *Benfield v. Patterson*, No. 2:25-CV-40-TAV-CRW, 2025 WL 964676, *3 (E.D. Tenn. Mar. 31, 2025) (ruling that plaintiff failed to state a claim based on commissary restrictions); *Fisher v. Federal Bureau of Prisons*, 484 F. Supp. 3d 521, 534 (N.D. Ohio 2020) (citing cases); *Cardona v. Joyner*, No. CV 19-123-DLB, 2020 WL 214750, at *1 (E.D. Ky. Jan. 14, 2020); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 451 (M.D. Tenn.

2018) (citing cases); *Cox v. Allen*, No. 3:18-CV-P70-DJH, 2018 WL 4148855, *3 (W.D. Ky. Aug. 30, 2018) (citing cases); *Turbeville v. Ray*, No. 3:18-CV-215-TAV-DCP, 2018 WL 3574935, *4 (E.D. Tenn. July 25, 2018) (citing cases); *Boyd v. Chillicothe Corr. Inst.*, No. 2:17-CV-1003, 2018 WL 1911252, *4 (S.D. Ohio Apr. 23, 2018) (dismissing due process claim arising from loss of commissary and other privileges); *Dotson v. Calhoun Cnty. Sheriff's Dep't*, No. 1:07-CV-1037, 2008 WL 160622, at *4 (W.D. Mich. Jan. 15, 2008) (citing cases).

Furthermore, the loss of such privileges, particularly for a short period of time, such as the case is here, does not implicate due process protections. *See, e.g., Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, *3 (6th Cir. Nov. 9, 2017) (30-day loss of privileges "did not implicate a protected liberty interest"); *Langford v. Koskela*, No. 16-1435, 2017 WL 6803554, *3 (6th Cir. Jan. 24, 2017) (30 days of top-lock and loss of privileges does not amount to an atypical and significant hardship); *Lewis v. Canaan*, 664 F. App'x 153, 156, n. 1 (3d Cir. 2016) (federal prisoner's 30-day loss of commissary privileges did not impose atypical and significant hardship so as to trigger procedural due process); *Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. 2013) (3-month loss of commissary

7

and other privileges did not implicate a liberty interest protected by the Due Process Clause and citing cases). Bowman fails to state a procedural due process claim in his complaint.

He also alleges a violation of his substantive due process rights. "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Svs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Substantive due process "prevents the government from engaging in conduct that shocks the conscience…or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he or she has a constitutionally-protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09-4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). "Conduct shocks the conscience if it violates the decencies of civilized conduct." *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (internal quotations and citations omitted).

Bowman fails to allege facts which show that he has a constitutionally-protected liberty interest which has been deprived by arbitrary and capricious state action, or that Williams engaged in conduct that shocks the conscious. As discussed, Bowman has no constitutionally-protected interest in purchasing items from the prison store. And while Williams' conduct in restricting Bowman's commissary access may have been excessive or unwarranted, it surely does not shock the conscious. As such, Bowman fails to state a substantive due process claim in his complaint.

Moreover, as to both the procedural due process claim and the substantive due process claim, Bowman offers no detailed explanation in support of those claims. It is settled that conclusory allegations, without factual support, are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009). Without more, his due process claim fails.

Bowman also alleges a violation of his equal protection rights under the Fourteenth Amendment. Prisoners and detainees are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To

state an equal protection claim, a plaintiff must plausibly allege that the defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-588 (6th Cir. 2004). A plaintiff must also plead facts allowing for an inference of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Community Hope Found.*, 538 U.S. 188, 194 (2003); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019).

Bowman makes no such factual allegations in his complaint. Prisoners and detainees are not members of a protected class for equal protection purposes. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). He fails to indicate with any specificity how he was treated differently from others who were similarly situated with regard to prison store access. As discussed, conclusory allegations are insufficient to state a civil rights claim

10

under § 1983, and Bowman fails to state an equal protection claim in his complaint.

### B. Eighth Amendment Claim

Next, Bowman also alleges that Williams' restriction on his prison store access violated his Eighth Amendment rights. It is well-settled that the unnecessary and wanton infliction of pain upon a prisoner constitutes cruel and unusual punishment under the Eighth Amendment. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). As to conditions of confinement, the Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *Id*. at 348.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must allege, and ultimately prove, that he or she "is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. Contemporary standards of decency determine whether conditions of

11

confinement meet this standard. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes*, 452 U.S. at 346). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Second, the prisoner must allege "more than ordinary lack of due care" for his or her safety. *Farmer*, 511 U.S. at 835. The prisoner must allege facts which show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and must also draw the inference." *Id*. at 837.

In this case, Bowman's complaint about his restricted prison store access, which appears to have lasted for 38 days from June 13, 2025 to July 21, 2025, *see* ECF No. 1, PageID.2, 13, 16-17, simply does not rise to the level of a constitutional violation because it fails to satisfy the objective component of *Farmer*. As discussed, there is no constitutional right to prison store access. His lack of prison store access, while perhaps

inconvenient or unpleasant, was relatively short-lived and did not violate contemporary standards of decency such that it can be said to have deprived him of the minimal civilized measure of life's necessities. *See Vandevelde v. Monroe Cnty. Jail*, No. 4:25-CV-10140, 2025 WL 360649, *1, 3 (E.D. Mich. Jan. 31, 2025) (dismissing lack of commissary access claim brought by pre-trial detainee); *Rowbotham v. Lucas*, No. 2:22-CV-2459, 2022 WL 3446340, *5 (S.D. Ohio Aug. 17, 2022) (ruling that defendants' refusal to allow prisoner to purchase commissary items does not rise to the level of a constitutional violation and dismissing Eighth Amendment claim), R & R adopted, No. 2:22-CV-2459, 2022 WL 4365928 (S.D. Ohio Sept. 21, 2022); *Perkins v. S.C.C.F. Core Civic*, No. 3:22-CV-00005, 2022 WL 482549, *4 (M.D. Tenn. Feb. 15, 2022) (plaintiff "cannot state a claim for violation of his constitutional rights based on commissary restrictions"); *Taylor v. Davis*, No. 1:21-cv-276, 2021 WL 4145628, *8 (W.D. Mich. Sept. 13, 2021) (ruling that refusal to deliver commissary items fails to allege the denial of a basic human need and dismissing Eighth Amendment claim).

In this case, Bowman merely alleges that he was denied the ability to purchase extra food, personal hygiene items, health aid supplements,

writing materials, and stamps from the prison store for 38 days. He does not indicate that he suffered any significant injury from those deprivations. The Eighth Amendment is not violated when an individual merely suffers an uncomfortable situation or a harsh condition of confinement. *Rhodes*, 452 U.S. at 347. The Eighth Amendment "is not ... a substitute for state tort law." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). For these reasons, Bowman fails to state an Eighth Amendment claim in his complaint.

### C.     First Amendment Claim

Lastly, Bowman alleges that Williams' restriction on his prison store access constituted retaliation and violated his First Amendment rights. In particular, he alleges that Williams restricted his access because he refused to sign a form that he was not allowed to read, and because he referenced filing a grievance against Williams (and actually filed one). The Court finds that Bowman states a potential retaliation claim against Williams that may warrant relief under § 1983. While Bowman may or not prevail on the claim, he states sufficient facts to warrant further review by the Court.

### III.    Conclusion

Based upon the foregoing discussion, the Court concludes that Bowman fails to state a claim upon which relief may be granted as to his Fifth/Fourteenth Amendment claims (both due process and equal protection) and his Eighth Amendment claim. Accordingly, the Court **DISMISSES** those claims from this case.

Lastly, the Court concludes that Bowman states a potential First Amendment retaliation claim against Williams which survives the Court's initial screening process and is not subject to summary dismissal.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated:   November 14, 2025