**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTOINE E. BOWMAN,

        Plaintiff,

v.

ERIC WILLIAMS,

        Defendants.

Case No. 4:25-CV-13160
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY "MOTION TO NOTIFY THE COURT" (ECF NO. 15)

Judge Kumar has referred this case to me for pretrial matters.  (ECF No. 14.) Currently before the Court is Plaintiff's "Motion to Notify the Court of the Agency Having Custody of the Plaintiff Violation of the Court's Order Waiving Prepayment of the Filing Fee, Directing Payment of the Initial Partial Filing Fee and Subsequent Payments on October 14, 2025."  (ECF No. 15.)

Having reviewed the motion, I conclude that oral argument is not necessary. *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the motion (ECF No. 15) is **DENIED**.

On October 14, 2025, Judge Kumar issued an order granting Plaintiff's application to proceed without prepayment of fees or costs.  (ECF No. 4.)  Judge Kumar found that the initial partial filing fee in this case was $27.40, and held:

Accordingly, the Court ORDERS the agency having custody of plaintiff to: (1) withdraw or set aside the initial partial filing fee from plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account to the Clerk of this Court until plaintiff has paid the entire filing fee of $350.00.

(ECF No. 4, PageID.25.)  Consistent with this directive, the Court has confirmed with its Financial Department that as of the date Plaintiff filed his motion, it had received two payments:  An initial payment of the partial filing fee on November 14, 2025 of $27.40, and a second payment of $18.00 on January 8, 2026.[1]

In his motion, Plaintiff indicates that he authorized $27.40 to be disbursed from Plaintiff's prisoner account to the Court on November 7, 2025 to constitute Plaintiff's initial partial filing fee.  (ECF No. 15, PageID.60.)  Plaintiff's "Daily Transaction Summary" report confirms this payment.  (ECF No. 15, PageID.66.)  As noted above, this amount is also confirmed to have been received by the Court on November 14, 2025.

Plaintiff next alleges that on December 3, 2025, an additional $27.40 was taken out of his account, but that after he sent a kite to the business office, it was returned to his account.  (ECF No. 15, PageID.60.)  Plaintiff's "Daily Transaction

---

[1] As of the date of this order, the Court has received one additional payment on March 2, 2026, but this was received after Plaintiff's motion and is not relevant to the motion before the Court.

2

Summary" report confirms this payment and the refund.   (ECF No. 15, PageID.66.)  The Court's Financial Department did not receive an additional $27.40 in December.

Plaintiff next alleges that on December 13, 2025, $25.20 was withdrawn from his account.  (ECF No. 15, PageID.61.)  Plaintiff's "Daily Transaction Summary" report confirms this amount was withdrawn on December 13, 2025, but his account also indicates that the amount was first *credited* to Plaintiff on December 12, 2025.   (ECF No. 15, PageID.66.)  It thus appears to have been a "net zero" to Plaintiff's account.  And, again, the Court's Financial Department has not received $25.20 in December or January.

Plaintiff also asserts that on December 26, 2025, two different amounts were deducted from his account: $2.20 and $18.00.  (ECF No. 15, PageID.61.)  Plaintiff's "Daily Transaction Summary" report confirms these two amounts were deducted.   (ECF No. 15, PageID.67.)  However, the Court's Financial Department has a record of receiving only the $18.00, not the $2.20.  Moreover, at the bottom of the "Daily Transaction Summary" is a summary of the amount paid to the U.S. District Court for the Eastern District of Michigan.  (ECF No. 15, PageID.67.)  The summary indicates a beginning amount of $322.60 (after the initial filing fee of $27.40), a payment of $18.00, and a remaining amount total of $304.80.  (*Id.*)  Thus, according to the "Daily Transaction Summary," as of the date of the report,

January 5, 2026, Plaintiff had paid two payments toward the filing fee:  $27.40 and $18.00.  These amounts are consistent with what the Court has received.[2]

Plaintiff does not take issue with the initial payment of $27.40, but does take issue with the $18.00 payment.  Plaintiff argues that the Court's order allowed payments of only 20% of the previous month's income and states that he "only makes around $26.00 per month as his institutional income."  (ECF No. 15, PageID.61.)  Plaintiff thus intimates that the $18.00 payment was in excess of 20% of his preceding month's income.

The $18.00 amount was deducted on December 26, 2025, and a review of Plaintiff's preceding month's deposits show a $90.00 deposit made into his account on December 25, 2025.  (ECF No. 15, PageID.67.)  While Plaintiff implies that only his "institutional income" should be considered when determining the amount to be deducted, courts have found otherwise:

> Although the matter is not without doubt, we interpret the word "income" in this provision to include all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise. The word "income" can be used to denote gross receipts. *See Lukhard v. Reed*, 481 U.S. 368, 375, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987) ("[G]eneral and legal sources ... commonly define 'income' to mean 'any money that comes in[.]' "). And this interpretation of the word produces consistency between § 1915(b)(2) (which provides that monthly payments equal 20% of the prior month's income ) and § 1915(b)(1) (which provides that the initial payment

---

[2] The Court does not have a record of receiving the additional $2.20 in this case, nor is it reflected in the Court Filing Fee balance in the "Daily Transaction Summary."  As the amount was not put toward the filing fee in this case, Plaintiff will have to pursue other avenues to track down where the money went.

be 20% of the greater of average monthly deposits or average monthly balances, regardless of the source of deposits). We see no reason why Congress would include, say, gifts for the purpose of calculating the initial payment while exempting that source for the purpose of calculating monthly payments. Indeed, given Congress's declaration that "the prisoner shall be required to pay the full amount of a filing fee," we would expect it to proceed as any creditor and look to all deposits to the prisoner's account as potential sources for the payment. Moreover, we question whether Congress would have expected prison officials to investigate whether a deposit to an inmate account was a gift from a parent, book royalties, or deferred payments on a narcotics transaction. *See Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) ("income" in § 1915(b)(2) refers to all deposits to prisoner's account).

*Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003). The Court is persuaded by this authority that the $90.00 deposit on December 25, 2025 was properly included as "income," and the $18.00 payment (20% of $90.00) was proper.

Accordingly, the two payments received by the Court's Financial Department as of the date of Plaintiff's motion are supported by the "Daily Transaction Summary" which Plaintiff has attached to his motion. The Court finds that the two payments were proper and Plaintiff's "Motion to Notify the Court of the Agency Having Custody of the Plaintiff Violation of the Court's Order Waiving Prepayment of the Filing Fee, Directing Payment of the Initial Partial Filing Fee and Subsequent Payments on October 14, 2025" (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED.** [3]


Dated: April 8, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).