UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE E. BOWMAN,

Plaintiff,

v.

ERIC WILLIAMS,

Defendant.

_______________________________/

Case No. 4:25-cv-13160

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 28) AND MODIFYING PRIOR ORDER COMPELLING DISCOVERY (ECF No. 27) SUA SPONTE**

## I. Background

Defendant has filed a motion for reconsideration of the Court's recent order granting in part and denying in part Plaintiff's motion for an order compelling discovery. (ECF No. 28; *see also*, ECF Nos. 22 & 27.) Defendant's response to Plaintiff's motion to compel was anemic, gave the Court the impression that Defendant had not even fully read the Plaintiff's motion before responding to it, and failed to even address two of the three sets of discovery requests at issue, instead opting to focus on technicalities, not all of which even applied to Plaintiff as an incarcerated litigant. As the Court noted in that order, Defendant's response "somehow ignores Plaintiff's allegation that Defendant completely failed to comply with his May 19, 2026 document requests and accordingly offers no proof

of having responded to the requests or produced any documents." (ECF No. 27, PageID.128.) Now, Defendant wishes he had responded differently, yet protests that he "did not anticipate the Court would interpret Bowman's motion as asserting that Williams neither provided any documents *nor* any response to the request for production of documents." (ECF No. 28, PageID.140 (emphasis in original).) Defendant then suggests that his failure to provide the Court with his response to the document requests was "as a result" of his failure to predict the Court's somehow surprising interpretation. (*Id*., PageID.140-141.)

However, the Court notes that Plaintiff asserted in his motion that, seven weeks after he served his document requests, he had "not yet received the documents." (ECF No. 22, PageID.94.) Defendant not only failed to file a copy his response to the document requests with his brief in opposition but also failed to address the issue of requests to produce *in any fashion*, lazily addressing only interrogatories and ignoring requests to admit and requests for production. At best, Defendant acknowledges that his "response to Bowman's motion to compel could have more clearly stated that he had already answered Bowman's requests for documents[.]" (ECF No. 28, PageID.140.) That is an understatement; in fact, he gave no hint to the Court that he responded to the production requests *in any fashion*, although, to be fair, Plaintiff did not attach responses to the document requests to his motion either, as was his responsibility under E.D. Mich. LR 37.2.

If Defendant wanted the Court to be advised that he had, in fact, produced at least *some* of the documents requested by Plaintiff, the logical way to prove it would have been to attach his written response to the request to produce or to attach a declaration of counsel; instead, Defendant ignored the topic entirely.

## II. Motions for Reconsideration

The Local Rules make clear that, "[m]otions for reconsideration of non-final orders are disfavored." E.D. LR 7.1(h)(2). In the instant motion, Defendant cites the exclusive grounds upon which such a motion may be pursued, namely:

> A. The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> B. An intervening change in controlling law warrants a different outcome; or
>
> C. New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

(*Id*., PageID.140 (citing E.D. Mich. 7.1(h)(2).)

## III. Analysis

Beyond citing E.D. Mich. LR 7.1(h)(2), Defendant fails to point to any of the three acceptable grounds cited from the Rule or explain the basis for his request for reconsideration. Instead, Defendant now attaches two items that were not

attached to his motion response: (1) a declaration from a litigation specialist at the Michigan Department of Corrections (MDOC) (ECF No. 28-5); and, (2) his responses to the document requests at issue (ECF No. 28-3). It is unclear how the Court was supposed to divine *from Defendant's motion response* that he had, in fact, responded to the document requests or asserted valid objections to any of them. Likewise, when deciding the original motion, the Court did not have the benefit of the objections now being argued with respect to two of the requests.

Defendant has failed to identify how any of the three bases on which reconsideration may be sought under E.D. Mich. LR 7.1(h)(2) apply here, as there has been no intervening change in the law, none of the facts belatedly supplied here are "new," and he fails to show a mistake by the Court based on the record that was before it when the prior order was entered. Accordingly, the motion for reconsideration is **DENIED**.

## IV. Modification of Prior Order (ECF No. 27)

Having denied the motion as unwarranted, the Court will, nonetheless, briefly address the two objections first brought to the Court's attention in the motion for reconsideration and grant some relief *sua sponte* under its broad authority to control the scope of discovery under Fed. R. Civ. P. 26(b)(1) and its mandate under Fed. R. Civ. P. 1 to construe, administer and employ the Federal

Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."

**A. Grievances, memoranda and investigative files**

First, Defendant raises the undue burden of complying with Plaintiff's request for "any and all grievances filed against Defendant Williams for misconduct received by prison staff administration or its agents concerning the mistreatment of inmates or written against Mr. Williams by staff of M.D.O.C." (ECF No. 28, PageID.138-139, 141-143; ECF No. 28-3, PageID.153.) He supports this objection with the aforementioned declaration (ECF No. 28-5), although neither he nor the declarant satisfactorily explain why Defendant should not have to produce the other items also sought in the same document request, which are considerably more specific to the events of this case, namely, "any memoranda[,] investigative files, [or] email written concerning the incident of terminating Plaintiffs ability to order store and secure pac (sic) on 6-13-2025 to supervisors or other agents of the Macomb Correctional Facility, or other documents created in response to such complaint since 6-16-2025." (ECF No. 28-3, PageID.153.) His "burden," "risk," and "security" objections, as served upon Plaintiff, appear to relate to the broader request for "any and all grievances" filed against Defendant, but the Court sees no justification for denying the more narrow request for documents specifically related to this incident and this plaintiff. Defendant does

not clarify whether they have, in fact, been produced, and his response to the request does not clarify whether he did or not, although it also raises an objection based on lack of "possession, custody and control." (*Id*. PageID.154.) But Defendant does not argue lack of control or custody in either the prior or the instant motion, and even now suggests, in the alternative, that he could comply with the prior order if given six months to conduct a record search. (ECF No. 28, PageID.143.) Upon consideration, while Defendant's objection regarding the undue burden to search for all grievances against this defendant is well-explained and, accordingly, **SUSTAINED,** both on that ground and the ground that it is disproportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), the objection is not well-taken or supported as to the documents requested regarding this specific incident and, accordingly, is, **OVERRULED**. Defendant must produce the latter, but not the former, within **ten days** of this order.

### B. MDOC Policies

Second, Defendant argues that certain MDOC policies need not be produced because they are publicly available, or, if not publicly available, exempt from disclosure. (ECF No. 28, PageID.143-145.) The argument about being publicly available might have been sustained if voiced in opposition to the motion to compel, but it is deemed waived because it was not. *See Degolia v. Kenton Cty*., 381 F.Supp.3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood...that when a

plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Rouse v. Caruso*, 2011 WL 918327 at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted)); *Albury v. Strategic Staffing Solutions*, 2025 WL 2552164 at * 3 (E.D. Mich. Sept. 4, 2025) (noting that "failure to address an argument serves as a waiver of challenging that argument."). Moreover, Defendant's argument here that, "[f]or any policy directive that is not public, as stated in Williams's objections, such policy would be exempt from public disclosure due to safety and security concerns" (ECF No. 28, PageID.144) is too vague and hypothetical to give it consideration. Defendant does identify any policy covered by the request that would fit into that protected category in the instant motion. Nor does he identify any in his discovery responses, just stating that this objection also applies "*insofar as* it seeks policies that are exempt from disclosure" and then, *without any specificity*, noting that "[p]roducing such policies [without identifying which policies] would reveal internal security procedures and create safety and security risk to MDOC institutions, inmates, staff and the public." (ECF No. 28-3, PageID.154-155 (emphasis added).) He also fails to identify any document that was withheld on this basis, as required by Fed. R. Civ. P. 34(b)(2)(C), so the Court assumes there are none in this category. And, even if there were, such a vague

"safety and security" objection will not suffice. *See Herman v. Hawkins*, No. 25-10924, 2026 WL 2455820, at *2, 5 (E.D. Mich. Aug. 21, 2026) (Stafford, M.J.) (sanctioning counsel). Moreover, "[s]hould those documents include personal information, 'any concerns regarding inclusion of such information can be addressed through appropriate redactions.'" *Id*. at *2 (quoting *Onumonu v. Mich. Dep't of Corr*., No. 1:20-CV-816, 2022 WL 22861292, at *2 (W.D. Mich. Aug. 26, 2022) (in turn, citing *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) ("Privacy concerns can be alleviated by an appropriate protective order and the redaction of personal information (like the officers' addresses and social security numbers) from the reports.")). Thus, Defendant must produce the requested policies **within 10 days of this order** and at its own expense, subject to redaction, if necessary.

Except as modified by this opinion and order, the prior discovery order (ECF No. 27) remains in place and Defendant must comply with its directives.

It is **SO ORDERED**.

Dated: September 8, 2026

Anthony P. Patti
United States Magistrate Judge