UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE E. BOWMAN,

Plaintiff,

v.

WILLIAMS,

Defendant.

_________________________________/

Case No. 4:25-cv-13160
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 25)**

This matter is before the Court for consideration of Plaintiff Antoine E. Bowman's motion to appoint counsel (ECF No. 25). For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**A. Instant Motion**

Currently, before the Court is Plaintiff's motion for appointment of counsel. In his motion, Plaintiff respectfully requests that counsel be appointed for him in this civil matter because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues involved in this case are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, and a trial will likely involve conflicting

testimony. Plaintiff further asserts that counsel would better enable him to present evidence and cross-examine witnesses and that he has made repeated efforts to obtain an attorney on his own. (ECF No. 25, PageID.120-121.)

**B. Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings in *forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation citation omitted).

With respect to prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases. [internal citations omitted] The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). In evaluating the matter for "exceptional circumstances," a

court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C. Analysis**

**1. Probable merit of Plaintiff's claim**

Plaintiff, a state prisoner, brought this lawsuit alleging that Defendant Williams, a prison storekeeper, violated his First, Fifth, Eighth, and Fourteenth Amendment rights by restricting Plaintiff's ability to order items from the prison store and receive SecurePak packages. This allegedly occurred after Plaintiff refused to sign a document, without being allowed to read it, and informed Defendant Williams that he would file a grievance concerning Williams's conduct. (ECF No. 1, PageID.2-3.)

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims. The Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. This is due to the limited number of

*pro bono* counsel who are willing and available, and the significant number of individuals who would like the help of volunteer attorney services.

The Court's Scheduling Order (ECF No. 19, PageID.80) provides that fact discovery does not close until November 20, 2026, and that the deadline for Rule 56 dispositive motions is January 22, 2027. Therefore, discovery remains ongoing and the deadline for dispositive motions has not yet passed. It is premature for the Court to assess the probable merit of Plaintiff's claims when the parties have not yet completed discovery and dispositive motion practice has not occurred.

Therefore, absent exceptional circumstances, at this stage of litigation it is too early for the Court to seek *pro bono* counsel.

**2. Nature of the case and complexity of the issues**

Plaintiff states that the issues in this case are complex and will require significant research and investigation. Plaintiff also states that a trial will likely involve conflicting testimony and that counsel would better enable him to present evidence and cross-examine witnesses. (ECF No. 25, PageID.121.) The Court looks to the factual and legal basis of the case to suggest complexities.

The factual and legal bases of this claim are straightforward. Plaintiff alleges that Defendant Williams retaliated against him and violated his First, Fifth, Eighth, and Fourteenth Amendment rights by restricting his ability to purchase items from the prison store after Plaintiff refused to sign a document, without

being permitted to review it, and stated that he would file a grievance. (ECF No. 1, PageID.2-3.) The nature and complexity of this case is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants, as constitutional and retaliation claims are common in prisoner litigation. Although Plaintiff states that the case will require significant research and investigation, he does not identify any particularly complex factual or legal issue that would distinguish this case from other prisoner civil rights cases. Indeed, the fact pattern presented in this case is fairly simple, with the alleged cause and effect being easy to follow. Thus, the nature of this case and the complexity of the issue do not provide exceptional circumstances to appoint counsel at this time.

**3. Indigency and ability of Plaintiff to represent himself**

Plaintiff claims "… [he is] unable to afford counsel" and that he has filed a request to proceed *in forma pauperis*. (ECF No. 25, PageID.120.) The Court will assume from the fact that it previously granted him *in forma pauperis* status (ECF No. 4), combined with the fact that Plaintiff is incarcerated, that he is indigent. However, "indigence alone … is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707, 712 (M.D. Tenn. 2022). Indeed, and again unfortunately, it is the rare, incarcerated litigant who is *not* indigent.

**a. Plaintiff's imprisonment and ability to litigate**

Plaintiff identifies certain barriers that he has experienced, including that his imprisonment will greatly limit his ability to litigate. (ECF No. 25, PageID.120.) These types of issues are unfortunately common obstacles prisoners often encounter while incarcerated and do not constitute exceptional circumstances which justify appointment of counsel. The record also demonstrates Plaintiff's ability to litigate this matter despite his incarceration. Plaintiff has filed motions and a witness list in this case. (ECF Nos. 15, 22, 26.) He also states that "a trial in this case will likely involve some conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses." (ECF No. 25, PageID.121.) The possibility of conflicting testimony and the need to present evidence and cross-examine witnesses do not, without more, demonstrate that Plaintiff is unable to represent himself. Indeed, although it is undoubtedly true that having an attorney would be helpful to Plaintiff, these are common and expected occurrences in trial. Therefore, Plaintiff has not identified circumstances arising from his imprisonment that constitute an exceptional circumstance warranting appointment of counsel at this stage of the proceedings.

**b. Limited access to a Law Library and knowledge of the Law**

Plaintiff claims that he has limited access to the law library and limited knowledge of the law. (ECF No. 25, PageID.120.) As a non-attorney, that is

expected. Within the Sixth Circuit, courts are required to provide prisoners and pre-trial detainees with "meaningful access to the court," which may include access to adequate law libraries. *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990). Limited access to a law library, however, applies to many incarcerated *pro se* litigants and does not constitute an exceptional circumstance. *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, at *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library). Moreover, "adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts…." *Bounds v. Smith*, 430 U.S. 817, 830 (1977) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Bounds did not create an abstract, freestanding right to a law library….").

**c. Plaintiff's own attempts to recruit counsel**

Plaintiff asserts that he has made repeated efforts to obtain an attorney on his own. (ECF No. 25, PageID.121.) Given the limited number of lawyers who are willing to take on these assignments when the case is already in trial mode, the

Court knows from experience that obtaining qualified counsel for incarcerated litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys. These circumstances do not persuade the Court to request appointment of counsel for Plaintiff, and he himself has confirmed the difficulty of finding willing and available attorneys at this stage of the proceedings.

Therefore, Plaintiff does not present an exceptional circumstance which would presently warrant this Court's intervention. If this case survives summary judgment and is proceeding to trial, the Court can revisit whether to recruit counsel and generally does so at that juncture.

**D. Order**

The Court enjoys a great deal of discretion regarding the recruitment of counsel. The Court sincerely wishes that it were possible to do so here and at this time, as the presence of counsel very often renders litigation more efficient, and undoubtedly renders aid to litigants who lack legal training. Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case. Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 25) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion

practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[1]

Dated: September 21, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).