UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE E. BOWMAN,

Plaintiff,

Case No. 4:25-cv-13160
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

v.

WILLIAMS,

Defendant.
_____________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 34) AND STRIKING PLAINTIFF'S UNAUTHORIZED RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 37)**

Plaintiff has filed a motion (ECF No. 34) seeking leave to file a response to Defendant's motion for reconsideration (ECF No. 28) of the Court's August 26, 2026 discovery order (ECF No. 27). In denying the motion for reconsideration on September 8, 2026, the Court, in turn, modified its prior discovery order. (ECF No. 30). Local Rule 7.1(h)(3) states, with respect to motions for reconsideration, that "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." E.D. Mich. 7.1(h)(3). The Court reviewed Defendant's motion for reconsideration when it was first filed and determined that it could rule on the

motion without a response in light of the straightforward issues presented, and accordingly determined that no response was necessary or desirable. Thus, no response was ordered, although the Court already had the benefit of Plaintiff's original motion to compel from which to draw pertinent information. (ECF No. 22.) The Court has already ruled on the motion for reconsideration by denying it but modifying its own prior ruling. Therefore, the motion for leave to file a response is **DENIED**, both because the Court does not and did not need one on the merits and now because, having already ruled on the motion for reconsideration, Plaintiff's motion is **MOOT**. Since the Court is denying the motion for leave, and Plaintiff went ahead and filed a response to the motion for reconsideration without obtaining leave to do so, his response brief (ECF No. 37) ─ styled as a "Motion in Response to Defendant's Motion for Reconsideration, but which, in reality, is still just a response ─ is **HEREBY STRICKEN**.

It is **SO ORDERED.**[1]

Dated: September 28, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).